O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BRIDGET HUNTER,                    )          CASE NO. ED CV 10-01563 RZ
                                   )
                  Plaintiff,       )
                                   )          MEMORANDUM OPINION
        vs.                        )          AND ORDER
                                   )
MICHAEL J. ASTRUE, Commissioner    )
of Social Security,                )
                                   )
                  Defendant.       )
_____)

Plaintiff Bridget Hunter makes a single argument in support of her Complaint that the Social Security Commissioner wrongly denied her claim for disability benefits. She contends that the Administrative Law Judge ("ALJ") improperly determined that Plaintiff's prior work experience qualified as "past relevant work." For the following reasons, the Court affirms the Commissioner's decision.

A claimant's former occupation qualifies as "past relevant work" if it was performed in the last fifteen years, for a long enough time to allow her to learn how to do it, and produced enough income to qualify as "substantial gainful activity." 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). The Commissioner has established monthly earnings thresholds for substantial gainful activity that vary by year. For the years applicable to the Court's analysis, the monthly earnings thresholds are as follows: $500 for 1990 to June 1999; and $780 for July 1999 to 2000. 20 C.F.R. §§ 404.1574(b), 416.974(b).

In this case, the ALJ properly determined that Plaintiff's work as a "certified nurse's assistant" qualified as past relevant work.  In her Disability Report, Plaintiff wrote that she was a "patient support associate" at a hospital from 1991 through 2000.  She explained that her responsibilities at this job included "housekeeping, [taking] discharged patients to their vehicles, [taking] dead patients to the morgue, answer[ing] phones, [and taking] patients to [the] lab for exams or . . . treatment." (AR 163.)  Her earnings exceeded the threshold for substantial gainful activity every year from 1991 through 2000 (*see* AR 163), and Plaintiff does not contest that she spent enough time performing this job to allow her to learn how to do it.  The vocational expert testified that this job constituted past relevant work as generally described by DICTIONARY OF OCCUPATIONAL TITLES section 355.677-014.  (AR 45-46.)  The DICTIONARY OF OCCUPATIONAL TITLES describes this occupation as a "Transporter, Patients" or "Escort, Patients," but the ALJ referred to it as a "hospital certified nurse's assistant."  Because Plaintiff performed this job within the last fifteen years, for a long enough time to learn how to do it, and earned enough income from it to qualify as "substantial gainful activity," the ALJ properly determined that Plaintiff's experience in this occupation constituted past relevant work.[1]

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED:   October 27, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

---

[1]     Because the ALJ properly determined that Plaintiff's experience as a certified nurse's assistant qualified as past relevant work, the Court need not and does not address whether the ALJ erred in determining that Plaintiff's experience as a child care monitor and home attendant also qualified as past relevant work.